IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVEREADY BATTERY COMPANY, INC. and SCHICK MANUFACTURING, INC. | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **COMPLAINT FOR PATENT INFRINGEMENT** |
| DORCO USA, INC. and PACE SHAVE, | ) ) ) | **JURY DEMANDED** |
| Defendants. | ) | **April 3, 2015** |

Plaintiffs Eveready Battery Company, Inc. and Schick Manufacturing, Inc. (collectively, "Plaintiffs"), for their Complaint for Patent Infringement against Defendants Dorco USA, Inc. and Pace Shave (collectively, "Defendants"), allege as follows:

## PARTIES

1.  Plaintiff Eveready Battery Company, Inc. ("Eveready") is a Delaware corporation having its principal place of business at 533 Maryville University Drive Saint Louis, Missouri 63141, with corporate and/or manufacturing facilities in Shelton and Milford, Connecticut.

2.  Plaintiff Schick Manufacturing, Inc. ("Schick") is a Delaware corporation having its principal place of business at 10 Leighton Road, Milford, Connecticut 06460.

3.  On information and belief, Defendant Dorco USA is a California corporation with its principal place of business at 8221 Arjons Drive, Suite B1, San Diego, California 92126.

4.  On information and belief, Defendant Pace Shave is a California corporation with its principal place of business at 9370 Sky Park Court, Suite 100, San Diego, California 92123.

5.  On information and belief, Defendants are engaged in the design, manufacture, sale within the United States, offering for sale in the United States, use within the United States,

1

importation into the United States, and/or sale after importation in the United States of razors (including disposable razors and razor systems) for use by men and women.  On information and belief, Defendants market and sell these devices worldwide through their channel business partners and various retailers, including through retail stores and company websites.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. On information and belief, Defendants are subject to personal jurisdiction in the District of Connecticut (the "District"), consistent with the principles of due process and the Connecticut Long Arm Statute, because Defendants offer their products for sale in this District, have transacted business in this District, have committed and/or induced acts of patent infringement in this District, and/or have placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## PATENT INFRINGEMENT

10. Eveready is the owner of all right, title, and interest in U.S. Patent No. 7,210,229 (the "'229 Patent"), which Defendants are infringing, in violation of 35 U.S.C. § 271(a), by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, products that practice one or more claims of the '229 Patent.

11. Schick is a licensee of the '229 Patent and practices the inventions of at least claim 1 of the '229 Patent.

12. Defendants have profited through infringement of the '229 Patent. As a result of Defendants' unlawful infringement of the '229 Patent, Plaintiffs have suffered and will continue to suffer damage. Plaintiffs are entitled to recover from Defendants the damages they have suffered as a result of Defendants' unlawful acts.

13. On information and belief, Defendants' infringement of one or more claims of the '229 Patent is willful and deliberate, entitling Plaintiffs to enhanced damages and reasonable attorney fees and costs.

14. On information and belief, Defendants intend to continue their unlawful infringing activity, and Plaintiffs continue to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such unlawful infringing activity unless Defendants are enjoined by this Court.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,210,229

15. Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

16. Eveready is the owner of all right, title, and interest in the '229 Patent, entitled "Razor Cartridge," duly and properly issued by the U.S. Patent and Trademark Office on May 1, 2007. A copy of the '229 Patent is attached hereto as Exhibit A.

17. Defendants have been and/or are directly infringing the '229 Patent by, among other things, making, using, offering to sell or selling in the United States, or by importing into the United States, products that are covered by at least claim 1 of the '229 Patent, including, by

way of example and not limitation, razor cartridges sold under Defendants' Shai 4, Shai 6, Pace 4, and Pace 6 brands.

## DEMAND FOR JURY TRIAL

18.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.      For a judgment declaring that Defendants have infringed the '229 Patent;

B.      For a judgment awarding Plaintiffs compensatory damages as a result of Defendants' infringement of the '229 Patent, together with interest and costs, and in no event less than a reasonable royalty;

C.      For a judgment declaring that Defendants' infringement of the '229 Patent has been willful and deliberate;

D.      For a judgment awarding Plaintiffs treble damages and pre-judgment interest under 35 U.S.C. §284 as a result of Defendants' willful and deliberate infringement of the '229 Patent;

E.      For a judgment declaring that this case is exceptional and awarding Plaintiffs their expenses, costs, and attorney fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

F.      For a grant of a preliminary injunction and permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement; and

G.      For such other and further relief as the Court deems just and proper.

DATED this  3rd  day of April, 2015.

                                                          By:     /s/Jonathan A. Harris
                                                                      Jonathan A. Harris (ct415761)
                                                                      Axinn, Veltrop & Harkrider LLP
                                                                      90 State House Square, 9th Floor
                                                                      Hartford, CT 06103
                                                                      Telephone: (860) 275-8115
                                                                      Facsimile: (860) 275-8101
                                                                      jharris@axinn.com

                                                                      *For Plaintiffs Eveready Battery Company,*
                                                                      *Inc. and Schick Manufacturing, Inc.*

Of Counsel:

Jason C. Kravitz
(pro hac vice admission to be requested)
Mass. BBO # 565904
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Telephone: 617-345-1318
jkravitz@nixonpeabody.com